UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ERIC PAUL MCNEIL                                                    CIVIL ACTION

VERSUS

DOUG WELBORN, ET AL.                                         NO. 21-00081-BAJ-RLB

RULING AND ORDER

Before the Court are two **Motions to Dismiss (Docs. 7 & 14)** filed by Defendant Doug Welborn and Defendant Melissa Jones David. The Motions are opposed. (Docs. 12 & 20). The Magistrate Judge has issued a Report and Recommendation (Doc. 21) recommending that the Court grant both motions and dismiss Plaintiff's claims against Defendants with prejudice. *Id.* at p. 14. The Magistrate Judge further recommends that the Court decline to exercise supplemental jurisdiction over any state law claims. *Id.* Plaintiff has filed objections to the Report and Recommendation. (Doc. 22).

For the reasons that follow, the Court will adopt the Recommendations.

First, the Magistrate Judge recommends that the Court grant Defendant Welborn's Motion to Dismiss Plaintiff's § 1983 claims against him in his official capacity as Clerk of Court for the Parish of East Baton Rouge. (Doc. 21 at 10). Plaintiff objects, asserting that his claims against Welborn for violations of his constitutionally guaranteed rights should not be dismissed. (Doc. 22, p. 4). However, the Court agrees that Plaintiff has failed to allege sufficient facts to show the existence of a municipal policy or custom that resulted in injury to the Plaintiff. As

1

noted by the Magistrate Judge, the Complaint fails to point to a pattern of alleged misconduct. (Doc. 21, p. 9).

Second, the Magistrate Judge recommends that the Court grant Defendant David's Motion to Dismiss Plaintiff's § 1983 claims against her in her official capacity as a minute clerk for the Parish of East Baton Rouge. (Doc. 21, p. 10). Plaintiff again objects, asserting that his claims against David should not be dismissed because the parish Clerk of Court is not considered a state entity and is not entitled to Eleventh amendment immunity. (Doc. 22, p. 5) *Gegenheimer v. Galan*, 920 F.2d 307 (5th Cir. 1991). The Magistrate Judge found that a minute clerk for the East Baton Rouge Family Court is considered to be an arm of the state and not a person who can be sued under § 1983. (Doc. 21, p. 11). Family courts are regarded by Louisiana's constitution as part of the state's judicial branch, see La. Const. Art. 5 §§ 5, 18, and the East Baton Rouge Family Court was specifically established by the legislature under La. R.S. 13:1401. And under La. R.S. 13:5108.1, any final judgment against an official, officer, or employee of a family court will be paid by the state. Minute clerks are considered, under Louisiana jurisprudence, as "lower court official[s]." *Johnson v. Foti*, 583 So. 2d 1210, 1212 (La. App. 4 Cir. 1991). Thus, Defendant David in her official capacity as a minute clerk in East Baton Rouge Parish is not a "person" who can be sued.

Third, the Magistrate Judge recommends that the Court grant Defendant Welborn's Motion to Dismiss Plaintiff's claim for denial of the right to access the court. (Doc. 21, p. 13). Plaintiff objects, asserting only that his claims against

2

Welborn for violating of his constitutionally guaranteed rights should not be dismissed. (Doc. 22, p. 3). The Magistrate Judge found that the actions alleged by Plaintiff are "precisely the type that the Supreme Court and the Fifth Circuit decline[d] to expand to constitutional violations of the right to access the courts." (Doc. 21, p. 13).

Fourth, the Magistrate Judge recommends that the Court grant both Defendants' Motions to Dismiss Plaintiff's Section 1983 claim for violation of equal protection under the law. (Doc. 21, p. 16). The Magistrate Judge found, and the Court agrees, that Plaintiff's complaint is completely devoid of any allegations indicating that he is a member of a protected class or that Defendants discriminated against him in any manner. (Doc. 21, p. 15).

Finally, the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. 21, p. 16).

Having carefully considered the Motions at issue, the underlying Complaint, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Defendant Doug Welborn's Motion to Dismiss (Doc. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Melissa Jones David's Motion to Dismiss (Doc. 14) is **GRANTED**.

**IT IS FUTHER ORDERED** that the Court declines to exercise jurisdiction over any state law claims and the above captioned action is **DISMISSED WITH PREJUDICE**.

Baton Rouge, Louisiana, this 26th day of January, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**